# United States District Court
# Northern District of Indiana

KEVIN E. SMITH, )
           Petitioner, )
           v. ) Civil Action No. 3:14-CV-1921 JVB
SUPERINTENDENT, )
           Respondent. )

**OPINION AND ORDER**

Kevin E. Smith, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In ISP-14-04-0231, a hearing officer at the Indiana State Prison ("ISP"), found Smith guilty of Class B offense 2222, setting a fire without authorization. (DE 5-3 at 1.)

The charges were initiated on April 16, 2014, when Correctional Officer D. Panagiotidis prepared a conduct report, which stated:

> At approx. 5:05 pm on 4/16/14 Offender Smith lit two fires in his cell. Smoke was filling the entire 100 East range. I Officer Panagiotidis ran to get [a] fire extinguisher and put them out.

(*Id.*)

On May 23, 2014, Smith was notified of the charges when he was served with the conduct report and the notice of disciplinary hearing. (DE 5-2 at 1.) Smith was notified of his rights; he pleaded not guilty and did not request a lay advocate, or witnesses. (*Id.*) However, the screening report states that Smith requested as physical evidence "evidence sheet attached via Smith." (*Id.*; DE 5-3 at 11.)

A hearing officer conducted the disciplinary hearing on June 6, 2014. (DE 5-3 at 1.) Smith refused to attend the hearing, but provided two written statements. (DE 5-3 at 1, 2.) The hearing officer, relying on the conduct report, Smith's written statements, work logs and witness statements, found Smith guilty. (DE 5-3.) The hearing officer imposed a 60-day deprivation of earned time credit. Smith's appeals were denied and this petition followed. (DE 5-4, 5-5.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Smith raises two claims in his petition: (1) the disciplinary hearing officer was biased; and (2) he was denied evidence. (DE 1 at 2.)

First, Smith complains that the disciplinary hearing officer was biased because he is close friends with the reporting officers. "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). Due process is satisfied so long as no member of the disciplinary board was involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. *Id.* at 667. Here, there are no allegations that the hearing officer had any such involvement. As a result, this claim cannot succeed.

Smith next complains that the hearing officer denied him video footage of the cell and maintenance records of a nearby water leak. Notably, the hearing officer determined that neither the requested camera footage nor any maintenance records for a leak existed. (DE 5-3 at 1, 14, 17, 18.) "[T]he due process clause does not demand the impossible of government authorities." *Brockert v. Skornicka*, 711 F.2d 1376, 1382 (7th Cir. 1983). Thus, prison officials are not required to produce video or records that do not exist. *Jackson v. Hanlon*, No. 1:07-CV-1342, 2009 WL 425965 at *2, 3 (Feb. 19, 2009 S.D. Ind.). Nevertheless, even if this claim could somehow be categorized as a denial of evidence, to show a due process violation Smith would be required to show that the evidence was exculpatory and that he was prejudiced based on that denial. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Here, Smith does not explain how not having the maintenance records or video prejudiced him. In a statement submitted to the hearing officer, Smith claimed that he had complained to correctional staff that there was a water leak in his cell and he was being ignored so he "took a Honeybun box and lit it on fire and held it in [his] hand . . . trying to set off the fire alarm to gain the proper staff's attention." (DE 5-3 at 8.) Because Smith admitted to setting the fire without authorization, there can be no prejudice from not having the requested evidence. Moreover, based on his admission to setting the fire, neither the video nor the maintenance records would have exculpated Smith. Thus, this claim is without merit as well.

Not only is there "some" evidence to find Smith guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Smith guilty of setting a fire without authorization, a Class B offense 222, and Smith has not made a showing that his due process rights have been violated.

For the reasons set forth above, the petition (DE 1) is **DENIED**.

**SO ORDERED** on March 12, 2015.

                  s/ Joseph S. Van Bokkelen
                 Joseph S. Van Bokkelen
                 United States District Judge
                 Hammond Division